IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
RICHARD TAST,

        Plaintiff,

vs.                                                                                          Civ. No. 03-312 JP/LFG

GAMING CONTROL BOARD, State of
New Mexico, each member thereof at times
pertinent; MADONNA N. BIXBY, individually
and as Executive Director; J. KEVIN KISER as
Hearing Official for the Gaming Control Board;
PEGGY HARDWICK as Counsel for the Gaming
Control Board; the OFFICE OF THE NEW MEXICO
ATTORNEY GENERAL; and the OFFICE OF THE
NEW MEXICO GOVERNOR,

        Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

On March 25, 2003, the Defendant Office of the New Mexico Attorney General

(Defendant AG) filed a Motion to Dismiss (Doc. No. 5).  Having reviewed the briefs and the

relevant law, the Court finds that the Motion to Dismiss should be granted.

A.  Background

The basis for this lawsuit is the Defendant Gaming Control Board's denial of the  *pro se*

Plaintiff's application for a work permit. The Plaintiff alleges that the Defendants violated the

United States Constitution and the New Mexico Constitution.  With respect to the Defendant AG,

the Plaintiff specifically alleges that the Defendant AG refused to comply with his request to

prosecute the alleged wrongful acts committed by the other Defendants in connection with the

Defendant Gaming Control Board's denial of the Plaintiff's application for a work permit.  The

Plaintiff seeks monetary damages as well as injunctive relief.

The Defendant AG argues that the Plaintiff's claims against it should be dismissed for two reasons. First, the Defendant AG argues that Eleventh Amendment sovereign immunity bars suit against the Defendant AG. Second, the Defendant AG argues that the Plaintiff fails to state a claim against the Defendant AG upon which relief can be granted.

B. Standards

"A motion to dismiss based on immunity is treated as a [Fed. R. Civ. P.] 12(b)(1) motion to dismiss for lack of jurisdiction...." *Meyers v. Colorado Dept. of Human Services*, 62 F.3d. 832, 831, 2003 WL 1826166 (10th Cir.)(citing *Tippetts v. United States*, 308 F.3d 1091, 1093-94 (10th Cir. 2002). When a defendant attacks the complaint on its face for lack of subject matter jurisdiction, as in this case, the court accepts the allegations in the complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)(citations omitted).

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The court may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A court is likewise required to liberally construe a *pro se* plaintiff's pleadings. However, a *pro se* plaintiff's mere conclusory allegations will not support a claim without supporting factual averments. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). The court is not obliged to craft legal theories for the *pro se* plaintiff nor may the court supply

factual allegations to support a *pro se* plaintiff's claim for relief.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

C.  Discussion

With two narrow exceptions, the Eleventh Amendment bars a lawsuit in federal court by a citizen against a state agency.  *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998), *cert. denied*, 525 U.S. 1122 (1999)(citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).  The two narrow exceptions to Eleventh Amendment sovereign immunity are as follows:  "1)  A state may waive its Eleventh Amendment immunity by consenting to be sued, but only in the clearest and most unmistakable terms, and 2) Congress may abrogate the states' Eleventh Amendment immunity, but again, only by using the clearest and most unmistakable terms, and only when Congress is exercising a power granted to it by a constitutional amendment post-dating the Eleventh Amendment, i.e., principally section 5 of the Fourteenth Amendment."  *Id.* at 1187-88 (citing *Aaron v. State of Kan.*, 115 F.3d 813, 814 (10th Cir. 1997)).  Moreover, the Eleventh Amendment can bar lawsuits against a state agency no matter what relief the citizen seeks.  *Id*. at 1187 (citing *Cory v. White*, 457 U.S. 85, 90 (1982)).

In this case, the Plaintiff is suing the Defendant AG as a state agency.[1]  There is no indication that the Defendant AG has consented to be sued let alone clear and unmistakable consent to suit.  There is also no indication that Congress in any terms abrogated the Defendant AG's Eleventh Amendment sovereign immunity.  Under these circumstances, the Court concludes that the Plaintiff's suit against the Defendant AG cannot be maintained in federal court.  Since this

---

[1]The Plaintiff did not sue Attorney General Patricia A. Madrid, a state official, but rather sued the Office of the New Mexico Attorney General.

3

Court lacks subject matter jurisdiction under the Eleventh Amendment, it is unnecessary to address the Defendant AG's failure to state a claim argument.

IT IS ORDERED that:

1. Defendant AG's Motion to Dismiss (Doc. No. 5) is granted; and

2. the Plaintiff's claims against Defendant AG will be dismissed without prejudice.


_____
CHIEF UNITED STATES DISTRICT JUDGE