IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
RICHARD TAST,

      Plaintiff,

vs.                                                     Civ. No. 03-312 JP/LFG

GAMING CONTROL BOARD, State of
New Mexico, each member thereof at times
pertinent; MADONNA N. BIXBY, individually
and as Executive Director; J. KEVIN KISER as
Hearing Official for the Gaming Control Board;
PEGGY HARDWICK as Counsel for the Gaming
Control Board; and the OFFICE OF THE
NEW MEXICO GOVERNOR,

      Defendants.

MEMORANDUM OPINION AND ORDER

On March 31, 2003, the Defendants New Mexico Gaming Control Board, Office of the New Mexico Governor, Madonna N. Bixby and Peggy Hardwick (Movants) filed a Motion to Dismiss Complaint and Memorandum in Support (Doc. No. 8). Having reviewed the briefs and the relevant law, the Court finds that the Motion to Dismiss should be granted.

A. Background

The *pro se* Plaintiff brings this lawsuit in the name of the State of New Mexico under 1978 NMSA §44-3-4 (1919). Section 44-3-4 authorizes quo warranto causes of actions. The Plaintiff alleges that the Defendants violated the United States Constitution and the New Mexico Constitution when they acted in connection with the Defendant Gaming Control Board's denial of the Plaintiff's application for a work permit. The Plaintiff seeks monetary damages as well as injunctive relief. The Movants argue that dismissal of this case is appropriate because the Plaintiff

has failed to state a claim for which a quo warranto action can grant relief.

B.  Standard for Motion to Dismiss

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor.  *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The court may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  A court is likewise required to liberally construe a *pro se* plaintiff's pleadings.  However, a *pro se* plaintiff's mere conclusory allegations will not support a claim without supporting factual averments.  *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).  The court is not obliged to craft legal theories for the *pro se* plaintiff nor may the court supply factual allegations to support a *pro se* plaintiff's claim for relief.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

C. Discussion

Section 44-3-4 states in relevant part that a private person can bring a quo warranto action in the name of the state when the attorney general or district attorney refuses to bring an action in the following situations:

> A.  when any person shall usurp, intrude into or unlawfully hold or exercise any public office..., or,
> B.  when any public officer ... shall have done or suffered an act which, by the provisions of law, shall work a forfeiture of his office....

"One of the primary purposes of quo warranto is to ascertain whether one is constitutionally

authorized to hold the office he claims, whether by election or appointment, and [the court] must liberally interpret the quo warranto statutes to effectuate that purpose." *State ex rel. Anaya v. McBride*, 88 N.M. 244, 247, 539 P.2d 1006, 1009 (1975). *See also State ex rel. White v. Clevenger*, 69 N.M. 64, 67, 364 P.2d 128, 131 (1961)(the defendant in a quo warranto action "is called upon to show by what authority he claims to exercise the office.").

> Quo warranto is not a proper remedy to test the legality of the acts of an officer or his misconduct in office, nor to compel, restrain, or obtain a review of such acts unless they amount to a forfeiture of the office, where neither the title to the office nor the right to a franchise is involved. [sic] ..., nor will quo warranto lie to prevent or restrain an illegal act by an officer.

*Clevenger*, 69 N.M. at 67, 364 P.2d at 131 (citation omitted). The relief sought in a quo warranto action is removal of the intruder from public office. *De Vigil v. Stroup*, 15 N.M. 544, 110 P. 830, 832 (Terr. 1910); 1978 NMSA §44-3-14 (1919)(a defendant found guilty of usurpation of office will be excluded from that office). A public official who is rightfully in office can be removed for misconduct only in a proper proceeding. *Clevenger*, 69 N.M. at 67, 364 P.2d at 131.

The Plaintiff fails to allege that the public officials sued in this case were not authorized to hold the offices they held nor does the Plaintiff allege with any kind of factual support that the actions of the public officials amounted to forfeitures of their offices. In addition, the Plaintiff does not seek as relief the removal of the public officials from their offices. The Plaintiff, however, alleges that the public officials either did not perform their duties or acted outside the scope of their legal authority. These allegations are allegations of mere misconduct. The Plaintiff has, therefore, failed to state a claim for which a quo warranto cause of action under §44-3-4 could grant relief.

The Plaintiff also mentions in his response brief that a quo warranto cause of action is appropriate in this case based on 28 U.S.C. §§1651 and 1652. The Plaintiff's reliance on those federal statutory provisions is, however, misplaced. Sections 1651 and 1652 provide, respectively, that federal courts may issue writs to "aid their respective jurisdictions" and that state laws are "regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."

IT IS ORDERED that:

1. Defendants New Mexico Gaming Control Board, Office of the New Mexico Governor, Madonna N. Bixby and Peggy Hardwick's Motion to Dismiss Complaint and Memorandum in Support (Doc. No. 8) is granted; and

2. Plaintiff's remaining claims[1] will be dismissed without prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court dismissed without prejudice Plaintiff' claims against the Defendant Office of the New Mexico Attorney General on June 6, 2003. Order Dismissing Claims Against Defendant Office of the New Mexico Attorney General (Doc. No. 31).